UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | : | DOCKET NO. 2:17-cv-263 |
| OF TEXAS PETROLEUM INVESTMENT | | |
| COMPANY, as owner and operator of M/V | : | UNASSIGNED DISTRICT JUDGE |
| MICHELLE, for EXONERATION FROM | | |
| OR LIMITATION OF LIABILITY | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

This matter relates to a complaint for exoneration from or limitation of liability filed by Texas Petroleum Investment Company ("Texas Petroleum") against Gentry Hebert ("Hebert"), JIREH Oilfield Services ("JIREH"), Phoenix Forge Group, LLC ("Phoenix"), Prosper Operators, Inc., and Gray Insurance Company (collectively, "claimants"). Doc. 1. Hebert has now filed a Motion to Enter Stipulation and Lift Injunction and Stay of Proceedings [doc. 24], which is opposed by Texas Petroleum [doc. 26] and the remaining claimants [docs. 27–29].

The instant motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the following reasons, **IT IS RECOMMENDED** that the Motion [doc. 24] be **DENIED**.

**I.**
**BACKGROUND**

This litigation arises from injuries incurred by Hebert on September 3, 2015, while he was working as an employee of Prosper Operators, Inc. ("Prosper") on assignment to Texas Petroleum as a crewmember of the M/V Michelle in Cameron Parish, Louisiana. *See* doc. 24, att. 3, pp. 1–6. Hebert alleges that, as he was opening a valve to bleed pressure from a leaking gas line, "the ruinous, defectively manufactured, constructed, assembled, installed, and/or maintained swedge,

collar, two inch . . . pipe riser, pressure gauge, bleeder valve and its appurtenances exploded," resulting in the loss of Hebert's right leg. *Id.* at 6.

On August 30, 2016, Prosper and Gray (worker's compensation insurer for Prosper), filed suit against JIREH in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, to recover worker's compensation benefits paid to Hebert. Doc. 26, att. 1. On September 2, 2016, Hebert filed a petition for damages against Texas Petroleum, Prosper, JIREH, Phoenix, and a placeholder defendant in the 38th Judicial District Court, Cameron Parish, Louisiana. Doc. 24, att. 3. Texas Petroleum, as owner and operator of the M/V Michelle, then instituted this action by filing a complaint, supra, in this court on February 3, 2017. Doc. 1. This court then entered an injunction staying and restraining all actions related to the accident that occurred on September 3, 2015, except for the instant limitation proceedings.[1] Doc. 10, p. 3.

Hebert now seeks to have the stay and injunction lifted so that he might litigate his state court case, with certain stipulations entered as to Texas Petroleum's limitation of liability. Doc. 24; *see* doc. 24, att. 5 (proposed stipulation). Texas Petroleum and the remaining claimants in this action oppose the motion [docs. 26–29], and in response to that opposition Hebert has filed a reply and a proposed Supplemental and Amended Stipulation. Doc. 31; *see* doc. 31, att. 1.

## II.
### LAW & APPLICATION

The Limitation Act grants exclusive federal jurisdiction in order for a shipowner to limit liability for damages arising from a maritime accident to "the value of the vessel and pending freight." 46 U.S.C. § 30505(a). However, the shipowner's right to limitation of liability for

---

[1] All claimants have filed answers and claims in this proceeding, with Propser and Gray seeking reimbursement for benefits paid to Hebert and indemnity under the Louisiana Workers' Compensation Act, and JIREH and Phoenix seeking indemnity and contribution under general maritime law. *See* doc. 7 (Prosper & Gray); doc. 15 (JIREH); doc. 17 (Phoenix); doc. 20 (Hebert). Texas Petroleum has answered these claims and made cross-claims against all claimants except Hebert. Docs. 21–23, 30.

maritime accidents is "cabined by the 'savings to suitors' clause," which "evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). The federal district court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). Accordingly, once a vessel owner files a limitation action, all related claims pending against the vessel owner in any forum are stayed and all claimants are required to assert their claims in the limitation proceeding. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209–10 (5th Cir. 2009).

In mediating between the rights of shipowners and the rights of claimants, federal courts have developed two instances where the court must allow state actions to proceed after the filing of a limitation action: "(1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding," and that they will not seek to enforce an award greater than the liability cap determined by the federal court. *Odeco Oil*, 74 F.3d at 674 (emphasis in original). "In both instances, allowing the state court action to proceed is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability." *Id.*

Here there is no assertion that the total amount of the claims will not exceed the value of the M/V Michelle and its freight, and no dispute that the remaining claimants are claimants within the meaning of the Limitation Act. Thus, the sole issue is whether Hebert's unilateral stipulations are adequate to protect Texas Petroleum's rights, in light of all the claims asserted, such that this court should allow Hebert's state court action to proceed.

Texas Petroleum and the remaining claimants assert that any stipulation to which all claimants do not agree is legally insufficient to lift the stay. Prosper and Gray also contend that the

original stipulation is deficient because it fails to set the priority of claims subject to the litigation fund. Doc. 27, p. 6. In reply Hebert argues that, regardless of whether all claimants agree, the district court has inherent authority to scrutinize a proposed stipulation and determine whether it adequately protects the vessel owner from excess liability. Doc. 31. He also offers priority to any reimbursement claims of Prosper and Gray over his own claims through the proposed Supplemental and Amended Stipulation, and states that he will not seek to enforce a judgment exposing Texas Petroleum to liability in excess of the ultimately determined liability fund until the limitation proceeding has concluded. *Id.*; *see* doc. 31, att. 1.

In support of his argument that a stipulation need not have the consent of all claimants if the district court determines that it adequately protects the vessel owner, Hebert relies on *In re Self*, 172 F.Supp.2d 813 (W.D. La. 2001), which was decided in reliance on the Second Circuit's decision in *In Re Complaint of Dammers*, 836 F.2d 750 (2d Cir. 1988). In *Self* the court determined that a unilateral stipulation by the damage-claimant, Davis, was sufficient to limit the vessel owner's liability against the third party indemnity and contribution claimants, and to allow Davis's state court action to proceed. 172 F.Supp.2d at 820–21. However, post-*Dammers* the Fifth Circuit "has adamantly held that *all claimants* must sign the stipulation in order for the state court action to proceed." *In re Complaint of Am. Commercial Lines, LLC*, 2013 WL 4585229, *2 (M.D. La. Aug. 28, 2013) (citing *Odeco Oil*, 74 F.3d at 675) (emphasis in original); *see also In re ADM/Growmark River System, Inc.*, 234 F.3d 881, 885–86 (5th Cir. 2000). Accordingly, district courts in this circuit have routinely held that unilateral stipulations by the damage claimant are insufficient to protect the vessel owner's limitation of liability against non-consenting claimants, and in particular third party claimants seeking indemnity or contribution. *E.g.*, *Harrold v. Liberty Ins. Underwriters, Inc.*, 2014 WL 2197697 (M.D. La. May 27, 2014); *In re Two-J Ranch, Inc.*,

534 F.Supp.2d 671, 690 (W.D. La. 2008) (Drell, J.); *In re Lynchburg Shipyard*, 2003 WL 21355468 (E.D. La. Jun. 6, 2003).

Despite the concessions offered by Hebert, he does not have the consent of the other claimants in this matter. Accordingly, his stipulations are insufficient to protect Texas Petroleum's right to limit its liability and do not provide adequate basis for lifting the stay and allowing Hebert's state court action to proceed.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion [doc. 24] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 23rd day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE