UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TEXAS PETROLEUM INVESTMENT COMPANY, as owner and operator of M/V MICHELLE, for EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION NO. 2:17-CV-263 <br> * <br> * <br> * UNASSIGNED DISTRICT JUDGE <br> * <br> * <br> * MAG. JUDGE KATHLEEN KAY <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM ORDER**</u>

Pending before the Court is a Motion to Enter Stipulation and to Lift Injunction and Stay of Proceedings, filed by Defendant/Claimant Gentry Hebert ("Hebert"). [Doc. No. 24]. The motion is opposed by Plaintiff Texas Petroleum Investment Co. ("Texas Petroleum"), [Doc. No. 26]; Defendants/Claimants Gray Insurance Co. ("Gray Insurance") and Prosper Operators Inc. ("Prosper"), [Doc. No. 27]; Defendant/Claimant Phoenix Forge Group LLC ("Phoenix"), [Doc. No. 28]; and Defendant/Claimant JIREH Oilfield Services ("JIREH"), [Doc. No. 29]. Magistrate Judge Kathleen Kay issued a Report and Recommendation, in which she recommends that the motion be denied because Hebert's proffered stipulations were not joined by the other defendants/claimants and are, therefore, not sufficient to protect Texas Petroleum's right to limit its liability. [Doc. No. 34]. Hebert filed objections. [Doc. No. 37]. Texas Petroleum and Phoenix filed responses to Hebert's objections. [Doc. Nos. 39 & 40]. Having conducted a *de novo* review of the record, including the objections and responses, the Court finds that Magistrate Judge Kay correctly stated and applied the law and ADOPTS her Report and Recommendation. The Court issues this Ruling to address Hebert's objections. Objections to a magistrate judge's report and recommendation on dispositive matters are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

1

Hebert claims that Magistrate Judge Kay erred by not determining whether the proposed stipulations "adequately protect[] the vessel owner from excess liability, regardless of whether all claimants entered into, signed, or crafted their own stipulations." [Doc. No. 37, p. 2]. Hebert claims that his stipulations adequately protect Texas Petroleum's rights to limit liability because they include, *inter alia*, that he will:

> 1) not enforce a judgment against *any* of the defendants until after the limitation proceedings is concluded; and 2) that any reimbursement claim for medical and indemnity benefits paid by [Prosper] and [Gray Insurance] to [Hebert], whether the payments represent medical and/or indemnity benefits under the Louisiana Workers' Compensation Act or maintenance and cure benefits paid to or on behalf of [Hebert], shall be given preference and priority ranking over the claims of [Hebert] subject to the limitation fund and will not be enforced by [Hebert] against [Texas Petroleum] itself or by enforcement against any third parties, including [Prosper], [Gray Insurance], [JIREH], [XYZ Corporation], and [Phoenix].

[Doc. No. 37, pp. 3–4]. Hebert claims that these stipulations "eliminate[] the possibility that competing claims would exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability to the vessel owners." *Id.* at p. 4. Hebert cites *In re Self*, 172 F. Supp. 2d 813 (W.D. La. 2001), *In re Two "R" Drilling Co., Inc.*, 943 F.2d 576 (5th Cir. 1991), and *Kattelman v. Otis Eng'g Corp.*, 696 F. Supp. 1111, 1116 (E.D. La. 1988), as purported examples of courts holding or implying "that a damage claimant's stipulation does not require the consent of third party claimants seeking indemnity and contribution if the damage claimant's stipulation adequately protects the vessel owner from excess liability." [Doc. No. 37, p. 3].

However, Hebert's stipulations appear to acknowledge that Prosper and Gray Insurance have claims in this limitation action that are not derivative of Hebert's petition for damages in his

state court lawsuit.[1] Even assuming that Hebert's stipulations would suffice to protect Texas Petroleum from excess liability against the indemnity and contribution claims in this limitation action, Hebert's stipulations are not sufficient on the whole because Prosper[2] and Gray Insurance, who have independent claims against Texas Petroleum for reimbursement, have not "stipulate[d] that the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability, and that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund." *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992); *see also Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996). In the Fifth Circuit, these stipulations are required of all claimants when the limitation fund is inadequate to satisfy all claims. *Odeco*, 74 F.3d at 674. Thus, in agreement with the Magistrate Judge, this Court is not satisfied that Hebert's unilateral stipulations are sufficient to protect Texas Petroleum's right to limit its liability, and, therefore, do not provide an adequate basis for lifting the stay and allowing Hebert's state court action to proceed. *See* [Doc. No. 34, p. 5]. Accordingly,

**IT IS ORDERED, ADJUDGED AND DECREED** that Hebert's Motion to Enter Stipulation and Lift Injunction and Stay of Proceedings, [Doc. No. 24], is **DENIED**.

Monroe, Louisiana, this 10th day of May, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Prosper and Gray Insurance claim to have already paid more than $220,000 "to or on behalf of Gentry Hebert in workers' compensation medical and indemnity benefits under the Louisiana Workers' Compensation Act, and maintenance and cure" and seek reimbursement for these payments from Texas Petroleum. [Doc. No. 7, pp. 7–8].

[2] Prosper is a co-defendant with Texas Petroleum in Hebert's state court lawsuit. *See* [Doc. No. 24-3].