UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IN RE TEXAS PETROLEUM INVESTMENT CO. as owner and operator of the M/V MICHELLE** | : | **CIVIL ACTION NO. 2:17-cv-0263** |
| | : | **UNASSIGNED DISTRICT JUDGE** |
| | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 54] filed by defendant Phoenix Forge Group, LLC ("Phoenix") and opposed by claimant Gentry Hebert. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

I.
BACKGROUND

This litigation arises from injuries incurred by Hebert on September 3, 2015, while he was working as an employee of Prosper Operators, Inc. ("Prosper") on assignment to Texas Petroleum Investment Company ("TPIC") as a crewmember of the M/V Michelle in Cameron Parish, Louisiana. *See* doc. 24, att. 3, pp. 1–6 (state court complaint). Hebert alleges in relevant part that, as he was opening a valve to bleed pressure from a leaking gas line, "the ruinous, defectively manufactured, constructed, assembled, installed, and/or maintained swedge [*sic*], collar, two inch . . . pipe riser, pressure gauge, bleeder valve and its appurtenances exploded," resulting in the loss of Hebert's right leg. *Id.* at 6.

On September 2, 2016, Hebert filed a petition for damages against vessel owner TPIC; his employer Prosper Operators, Inc. ("Prosper") and Prosper's worker's compensation insurer, Gray Insurance Company; JIREH Oilfield Services, LLC, which allegedly assembled the pipeline parts that failed; and Phoenix Forge Group, LLC ("Phoenix"), which allegedly manufactured the swage and collar, in the 38th Judicial District Court, Cameron Parish, Louisiana. Doc. 24, att. 3.

TPIC, as owner and operator of the M/V Michelle, filed a complaint for exoneration from or limitation of liability in this court on February 3, 2017. Doc. 1. The other parties then filed answers and claims in this proceeding, to which TPIC has responded with its own answers and cross-claims. Phoenix now moves for summary judgment, asserting that Hebert's claims against it arise solely on a theory of products liability and that Hebert has no evidence to dispute Phoenix's contention that it did not manufacture, sell, or distribute any of the parts involved. Doc. 54, att. 1. Hebert opposes the motion. Doc. 66, att. 1.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
#### APPLICATION

In this action Hebert asserts Phoenix is liable under general maritime law for negligently designing, manufacturing, and/or selling the "the swedge [*sic*], collar, two inch (2") pipe riser, pressure gauge, bleeder valve and its appurtenances." Doc. 20, ¶¶ 29–30, 36–40. Phoenix notes that Hebert's claims also reference specific product liability elements contained in the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute § 9:2800.51 *et seq.* Doc. 54, att. 1, p. 10. It maintains that, under either law, Hebert's claims against it must fail because it did not design, manufacture, or distribute any of these parts. *Id.* at 10–13.

General maritime law is "an amalgam" of common law rules, modifications, and maritime-specific creations. *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 538 (5th Cir. 1987). For products liability claims, the Fifth Circuit applies the substantive law outlined in the Restatement (Second) of Torts. *Id.*; *see also Pavlides v. Galveston Yacht Basin, Inc.*, 727 F.2d 330 (5th Cir. 1984). To prevail on such a claim, the plaintiff must show (1) that the defendant sold or manufactured a

product; (2) that the product was unreasonably dangerous or defective when it left the defendant's control; and (3) that the defect caused the plaintiff's injury. *Penn Maritime, Inc. v. Rhodes Electronic Svcs., Inc.*, 41 F.Supp.3d 507, 524 (E.D. La. Aug. 19, 2014); *see also Transco Synd. No. 1, Ltd. v. Bollinger Shipyards, Inc.*, 1 F.Supp.2d 608, 613–14 (E.D. La. 1998) (noting that these provisions extend to manufacturers). Louisiana product liability law may be applied in maritime actions where it is consistent with the Restatements. *Transco Synd. No. 1*, 1 F.Supp.2d at 614. Under the LPLA, a plaintiff must establish that (1) the defendant manufactured or sold the product; (2) the claimant's damage was proximately caused by a characteristic of the product; (3) this characteristic made the product unreasonably dangerous; and (4) the plaintiff's damage arose from a reasonably anticipated use of the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002).

In support of its motion Phoenix states that it "has not, and does not" manufacture, distribute, or sell "**any** products," and that it did not manufacture, sell, or distribute any product alleged to be defective in this petition. Doc. 54, att. 2, ¶¶ 9–12 (emphasis added). To this end it relies on an affidavit from its human resources manager, Robert G. Harron. *See* doc. 54, att. 3. Hebert responds by admitting that he has, at this time, no evidence to support his contention that Phoenix manufactured any of the allegedly defective products. Doc. 66, att. 1, p. 2. He states that he is unable to identify the manufacturer of these parts because TPIC cannot locate the failed riser package and because the serial numbers on the swage were either erased by environmental conditions or cut out when TPIC's welder removed the part after the accident. *Id.* at 3–4. He also disputes Facts 2–5 from Phoenix's Statement of Material Facts. Doc. 66, att. 2. Those facts are:

- On September 3, 2015, plaintiff was in the process of trying to open a bleed valve on a riser to a natural gas pipeline, located in Black Lake, Louisiana.

- As plaintiff was attempting to open the bleeder valve, a failure occurred, resulting in an explosion and causing the riser to separate from the pipeline.
- When the riser separated from the pipeline, the plaintiff was struck in his right leg causing an injury to his leg, which ultimately resulted in a partial amputation of his right leg.
- Following the accident, a search was made for the riser that had separated from the pipeline, but it was never found.

*Id.* at 1–2 (footnotes omitted). In Phoenix's statement, these assertions are supported by citations to Gentry Hebert's deposition and the deposition of Troy Hebert, who was involved in the search for the riser. *Id.* Gentry Hebert provides no citation or explanation for his dispute with these assertions. *See* doc. 66, att. 1, p. 4; doc. 66, att. 2.

As Phoenix asserts, its evidence that it had no role in the manufacture, design, or distribution of any of the parts at issue means that it cannot be held responsible for Hebert's injuries on a theory of products liability. Accordingly, the facts which Hebert attempts to dispute here are immaterial to Phoenix's motion. Although Hebert states that he "is hopeful further searches lead to the discovery of the missing threaded component parts . . . which may ultimately reveal the identity of the manufacturer," he does not move for additional time to conduct such discovery and oppose this motion. Doc. 66, att. 1, p. 5. Because Hebert admits that he cannot refute Phoenix's showing as to this fact, Phoenix is entitled to judgment as a matter of law on Hebert's claims.

### IV.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment [doc. 54] be **GRANTED** and that Hebert's claims against Phoenix be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE